HUNT *v.* AMIDON, 4 Hill, 345.
In S. Ct. 1 Hill, 147.

*Assumpsit.*

THE defendant A., sold certain real estate to W., who gave back a bond and mortgage, which the defendant assigned to T. Afterwards W. re-conveyed the premises to the defendant, who then deeded them to B., covenanting for quiet enjoyment, and B. conveyed to the plaintiff, whereupon T., the assignee, proceeded to foreclose the mortgage, and on the sale under it, Hunt, the plaintiff, became the purchaser. In an action brought by Hunt against Amidon, of assumpsit, for money paid, &c.,

The Supreme Court held, that the action would not lie by the plaintiff to recover from defendant the amount paid by him on the foreclosure sale, even though the defendant had on his selling to B., the grantee of the plaintiff, verbally promised him to pay off the mortgage; and consequently, evidence of the promise is, in such case, irrelevant, and inadmissible. Bronson, J., says, delivering the opinion of the court: "Surely, the promise did not run with the land, and so pass by Babcock's deed to the plaintiff; and there has been no assignment of it in any other form. But if there had been, the assignee could not sue in his own name. The defendant is bound by his *express* contract, the covenant for quiet enjoyment, and the plaintiff can not recover upon an implied promise." On writ of error,

The Court of Errors held, however, that the action might be sustained. The Chancellor, who delivered his opinion in favor of *reversal*, says: (p. 348,) "It is perfectly clear in this case, that the *plaintiff* stood in the place of a mere surety, for the amount due on the mortgage, his land being holden for the amount; and that the defendant, not only by the covenant in his deed, but also by his previous bond of indemnity to Wheeler, was in fact the real debtor. If a mere surety, whether by actual contract or operation of law, is compelled to pay the debt which the other in equity and justice ought to have paid, he is entitled to relief against

the other, who was in fact the principal debtor.   Assumpsit he holds, is therefore an appropriate remedy.

Judgment *reversed* unanimously, 17 to 0.